IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 9, 2022

## STATE OF TENNESSEE v. VERNELL EVANS

**Appeal from the Criminal Court for Davidson County
No. 2001-D-2456    Jennifer Smith, Judge**

_____

### No. M2021-00963-CCA-R3-CD

_____

The petitioner, Vernell Evans, appeals the denial of his Rule 36.1 motion to correct an illegal sentence, asserting his sentences are illegal because the trial court incorrectly imposed 100% service requirements for each sentence. Discerning no error, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

J. ROSS DYER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Vernell Evans, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; Glenn Funk, District Attorney General; and Doug Thurman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Facts and Procedural Background*

After facing an eleven-count indictment related to child sexual abuse, the petitioner pled guilty to two counts of rape of a child (counts 1 and 3) and two counts of aggravated sexual battery (counts 2 and 7) on January 10, 2003. Following a sentencing hearing, the trial court imposed an effective sentence of twenty-eight years to be served at 100% in the Tennessee Department of Correction. More specifically, in count 1, the trial court imposed a term of twenty years to be served concurrently to counts 2 and 3. In count 2, the trial court sentenced the petitioner as a violent offender and imposed a term of eight years to be served concurrently to counts 1 and 3. In count 3, the trial court sentenced the petitioner

to a term of twenty years to be served concurrently to counts 1 and 2. In count 7, the trial court sentenced the petitioner as a violent offender and imposed a term of eight years to be served consecutively to counts 1, 2, and 3. Due to the nature of the petitioner's crimes and status as a violent offender in counts 2 and 7, the trial court ordered each term to be served at 100%. Tenn. Code Ann. §§ 40-35-120, -501.

On June 15, 2021, the petitioner filed a pro se Rule 36.1 "Motion to Vacate, Correct and/or Otherwise Set Aside Illegal Sentence." As outlined by the trial court, in the motion, the petitioner argued:

> (1) because he was a standard offender, 100% release eligibility was improper and rendered his sentence illegal and his guilty plea 'void;' (2) running count 7 consecutive to counts 1, 2, and 3 was prohibited by double jeopardy; and (3) the trial court lacked jurisdiction to sentence him because the judge and district attorney general were involved in a civil conspiracy against the [petitioner].

After completing its review, the trial court summarily dismissed the motion. This timely appeal followed.

### *Analysis*

On appeal, the petitioner contends the trial court erred in denying his Rule 36.1 motion. The petitioner argues his judgments for rape of a child are "void" and his sentences are illegal because he was a standard offender, and therefore, 100% release eligibility was improper. The petitioner also argues he was improperly sentenced as a violent offender for his convictions for aggravated sexual battery because the State failed to timely file a "notice to seek enhanced sentencing." In response, the State contends the trial court properly denied the petitioner's Rule 36.1 motion, and we agree.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court has interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive with, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). That court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal), and fatal errors (those so profound as to render a sentence illegal and void). *Id.* at 595. Commenting on appealable errors, the court

stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.*

A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2). A "'colorable claim' means a claim that, if taken in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. Whether the defendant has presented a colorable claim for relief under Rule 36.1 is a question of law, which this Court reviews de novo without a presumption of correctness. *Id*. at 589.

The petitioner argues his sentences are illegal because he was ordered to serve them at 100%. Regarding the rape of a child sentences, the petitioner asserts he was sentenced as a standard offender, and therefore, 100% release eligibility was improper. Regarding the aggravated sexual battery sentences, the petitioner asserts he was improperly sentenced as a violent offender, requiring 100% service, because the State failed to timely file a "notice to seek enhanced sentencing." Upon our review, however, we conclude both of the petitioner's arguments are without merit as 100% service was statutorily mandated for each of his convictions.

The petitioner was convicted for two counts of rape of a child and two counts of aggravated sexual battery. Tenn. Code Ann. §§ 39-13-504, -522. Convictions for rape of a child and aggravated sexual battery require 100% of the sentence imposed to be served. Tenn. Code Ann. § 40-35-501(i)(1), (i)(2)(H), (I); *see Lloyd Paul Hill v. State*, No. M2000-01428-CCA-R3-PC, 2001 WL 1006050, at *4-5 (Tenn. Crim. App. Aug. 30, 2001). Thus, the trial court's imposition of 100% service for the petitioner's sentences for his convictions for rape of a child and aggravated sexual battery were authorized by the applicable statutory scheme. As a result, the petitioner cannot demonstrate a fatal error which would render his sentences illegal. Tenn. R. Crim. P. 36.1(a); *Wooden*, 478 S.W.3d at 595. The petitioner is not entitled to relief.

Furthermore, regarding the petitioner's assertion that he was improperly sentenced as a violent offender for his convictions for aggravated sexual battery, the record is silent concerning the timeliness of the State's "notice to seek enhanced sentencing." The petitioner failed to include any pre-trial motions or accompanying litigation related to the petitioner's sentences or transcripts of the guilty plea or sentencing hearings in the record on appeal. If this Court is unable to fully review an issue based on the

defendant's failure to include a full transcript, the issue has been waived. *See State v. Troutman*, 979 S.W.2d 271, 274 (Tenn. 1998) (failure to include trial transcript on appeal resulted in waiver of sentence challenge). Because the petitioner failed to provide a complete record on appeal, we cannot fully review the issue as presented, and he has waived his challenge to the trial court's sentencing determinations regarding his violent offender status. Additionally, an error regarding the notice to seek enhanced punishment does not render a sentence illegal under Rule 36.1. *State v. Juan LaSean Perry*, No. M2020-01169-CCA-R3-CD, 2021 WL 4770255, at *2 (Tenn. Crim. App. Oct. 13, 2021). Accordingly, the petitioner failed to state a colorable claim for relief, and is, therefore, not entitled to relief.

As noted above, the petitioner has failed to demonstrate that his sentences are illegal, and the record is devoid of any evidence to support the same. Tenn. R. Crim. P. 36.1(a)(2); *see Wooden*, 478 S.W.3d at 594-95 (Tenn. 2015). The petitioner is, therefore, not entitled to any relief.

## *Conclusion*

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
J. ROSS DYER, JUDGE